**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 6, 2013

Lyle W. Cayce
Clerk

No. 13-50112
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE CAMACHO OLIVAS, also known as Jorge Hernandez Jara,

Defendant-Appellant

Cons. w/ No. 13-50116

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE CAMACHO-OLIVAS, also known as Jorge Hernandez-Jara,

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2305-1
USDC No. 3:11-CR-434-1

Before KING, DeMOSS, and GRAVES, Circuit Judges.

No. 13-50112
c/w No. 13-50116

PER CURIAM:[*]

Jorge Camacho Olivas pleaded guilty to illegal reentry after having been removed previously, in violation of 8 U.S.C. § 1326. The district court sentenced him within the advisory guidelines range to 46 months of imprisonment. The district court also revoked Camacho Olivas's term of supervised release on a prior conviction and imposed a concurrent sentence of six months. Camacho Olivas now appeals.

On appeal, Camacho Olivas contends that his within-guidelines sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). In support of his contention, Camacho Olivas asserts that the guidelines range overstates the seriousness of his offense because the Sentencing Guideline used to compute his offense level, U.S.S.G. § 2L1.2, gives too much weight to his prior convictions, resulting in double counting. He also asserts that the guidelines range fails to take into account the seriousness of the offense, arguing that the offense was not violent and that it was, at most, an international trespass. Finally, Camacho Olivas asserts that the guidelines range failed to take into account his reason for reentry.

Although Camacho Olivas argued for a downward variance, he failed to specifically object to the reasonableness of the sentence after the sentence was imposed. Rather, he reurged his motion for a downward variance. The Government argues that review should be for plain error. This court need not determine whether plain error review is appropriate, however, because Camacho Olivas's arguments fail even under the abuse of discretion standard of review. *See United States v. Rodriguez,* 523 F.3d 519, 525 (5th Cir. 2008).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50112
c/w No. 13-50116

The substantive reasonableness of a sentence is reviewed under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Camacho Olivas's sentence was within the advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).[1]

Camacho Olivas's argument that the seriousness of his offense is overstated because § 2L1.2 double counts his criminal history has been rejected. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Similarly, we have not been persuaded by the contention that a within-guidelines sentence failed to account for the nonviolent nature of an illegal reentry offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court listened to Camacho Olivas's arguments for a lesser sentence but found that a sentence within the guidelines range was appropriate. His contentions regarding his motive for reentry do not rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Thus, Camacho Olivas has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence. *See Cooks,* 589 F.3d at 186.

Finally, Camacho Olivas raises no claims of error with respect to the revocation proceeding or the revocation sentence. Thus, he has abandoned any issues on appeal regarding the revocation judgment. *See United States v. Munoz-Hernandez*, 285 F. App'x 156, 156-57 (5th Cir. 2008) (per curiam) (unpublished).

Accordingly, the judgments of the district court are AFFIRMED.

---

[1] Camacho Olivas argues that the presumption of reasonableness should not apply to sentences calculated under § 2L1.2 because the Guideline lacks an empirical basis and results in double counting. He correctly concedes that his argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009), and he raises the argument to preserve it for possible further review.